1   Jeffrey W. Allen (SBN 099240)
jallen@vanlevylaw.com
2   A member of VAN DE POEL, LEVY & ALLEN, LLP
1600 South Main Plaza, Suite 325
3   Walnut Creek, California 94596
Telephone: (925) 934-6102
4   Facsimile:   (925) 934-6060

5   Attorney for Defendant
REED BENNETT ROBERTSON AN INDIVIDUAL
6   DOING BUSINESS AS "NATURAL CAPITAL"

7

8             UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  FEDERAL DEPOSIT INSURANCE     CASE NO.: CV09-2342 DSF (AJWx)
CORPORATION, as Receiver for
12  IndyMac Bank, F.S.B.,             ORDER GRANTING
                          STIPULATION REGARDING
13            Plaintiff(s),        CONFIDENTIALITY FOR
                          PRESENTING PRIVATE
14       vs.                    FINANCIAL DOCUMENTS IN
                          SUPPORT OF DEFENDANT'S
15  ALLIANCE TITLE CO., INC. a        SETTLEMENT OFFER
California Corporation, REED
16  BENNETT ROBERTSON, an individual
doing business as "NATURAL       *Assigned to: the Hon. Dale S.*
17  CAPITAL", JAMES FLORES HAW, an  *Fischer*
individual; and DOES 1 through 10,
18  inclusive,                   *Complaint Filed: April 3, 2009*

19           Defendants.

20  *AND ALL RELATED CROSS-ACTIONS*

21

22      The Amended Stipulation Regarding Confidentiality for Presenting Private

23  Financial Documents in Support of Defendant's Settlement Offer is hereby granted

24  subject to the following:

25      Defendant REED BENNETT ROBERTSON doing business as "NATURAL

26  CAPITAL" (hereinafter "ROBERTSON") intends to provide Plaintiff with private

27  financial documents to support presentation of a settlement offer to compromise

28

    {00558842.DOC;1}               1

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile: (925) 934-6060

**Deleted:** [PROPOSED]

Plaintiff's action as against this defendant.  To ensure confidentiality of the private financial documents being presented in support of Defendant's offer, the parties hereto agree to stipulate to the confidentiality of the documents and to this Court's proposed Order as outlined below.

1.    Defendant herein shall mark such documents, or a portion thereof, with the word "Confidential."

2.    The designation of material as "Confidential" shall be made by placing or affixing on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."   Documents or materials labeled "Confidential" shall hereinafter be referred to as "Confidential Documents."

3.    Confidential Documents shall not be shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone other than Qualified Persons, as hereinafter defined.  Nevertheless, this shall not restrict the use or dissemination of information or documents that are obtained in discovery or investigation merely because they have been produced herein for the purpose of settlement as Confidential Documents.  Access to Confidential Documents shall be limited to those persons designated as "Qualified Persons" in Paragraph 4 below.

4.    Confidential Documents may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

a.    Counsel of record in this case, and any subsequent related cases, for the parties and employees, agents and investigators of such counsel;

b.    Those individuals at Plaintiff FDIC, and its assignees and agents, who are authorized to act in connection with the present case against Defendant ROBERTSON;

c.    Any consultants necessary to evaluate the financial information being provided to recommend to counsel and Plaintiff FDIC in consideration of the anticipated offer of Defendant ROBERTSON.

{00558842.DOC;1}                              2

[PROPOSED] ORDER GRANTING STIPULATION REGARDING CONFIDENTIALITY FOR PRESENTING
PRIVATE FINANCIAL DOCUMENTS IN SUPPORT OF DEFENDANT'S SETTLEMENT OFFER

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile:  (925) 934-6060

5.    Before being given access to Confidential Documents, each Qualified Person shall be advised of the terms of this Stipulation and Proposed Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this Stipulation and Proposed Order and to be subject to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.   Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Documents, and that list shall be available for inspection by the Court.   In addition, each of the parties and their attorneys expressly stipulates to be subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

6.    Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Documents pursuant to this Order shall keep all such Confidential Documents, and any copies, notes, extracts, summaries, or descriptions of such Confidential Documents, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Documents or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such Confidential Documents, and shall not disseminate such Confidential Documents.

7.    If any counsel of record distributes copies of Confidential Documents to one or more Qualified Persons, all such copies, notes, extracts, summaries, or descriptions of such Confidential Documents, shall be returned to that counsel of record or destroyed at the completion of the Qualified Person's consultation or representation in this case.   Counsel of record shall, upon request by opposing counsel or the Court, execute an affidavit stating that to the best of counsel's knowledge all Confidential Documents, and all copies, notes, extracts, summaries, or descriptions of any such Confidential Documents, have been returned or destroyed as required.   If any counsel of record distributes copies of Confidential Documents to one or more

**Deleted:** materials and information

**Deleted:** material

**Deleted:** materials or information

**Deleted:** material containing Confidential Documents

**Deleted:** materials, and all

**Deleted:** material

**Deleted:** contemplation

**Deleted:** materials containing Confidential Documents

**Deleted:** material

**Deleted:** material containing Confidential Documents

[PROPOSED] ORDER GRANTING STIPULATION REGARDING CONFIDENTIALITY FOR PRESENTING PRIVATE FINANCIAL DOCUMENTS IN SUPPORT OF DEFENDANT'S SETTLEMENT OFFER

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile:  (925) 934-6060

Qualified Persons, all copies, notes, extracts, summaries, or descriptions of such Confidential Documents, shall either be destroyed or returned to that counsel of record at the completion of the Qualified Person's consultation or representation in this case. If a Qualified Person destroys such Confidential Documents, rather than returning it to that counsel of record, the Qualified Person shall promptly provide to that counsel of record an affidavit stating that all Confidential Documents, and all copies, notes, extracts, summaries, or descriptions of any such Confidential Documents, have been destroyed. That counsel of record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating that all Confidential Documents, and all copies, notes, extracts, summaries, or descriptions of any such Confidential Documents, have, to the best of that counsel of record's knowledge, been returned or destroyed as required, and (b) all affidavits of Qualified Persons who provided that counsel of record with affidavits pursuant to the provisions of this paragraph.

8.    Promptly after the termination of this action by entry of a final judgment or order of dismissal, all Confidential Documents shall be returned to counsel for the party who produced those materials, or shall be destroyed, with the exception that counsel of record may retain a copy of each document designated as Confidential Documents, subject to the ongoing confidentiality obligations imposed herein. If Confidential Documents are destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that all such Confidential Documents have been destroyed.

9.    After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the Rules of Professional Conduct in this jurisdiction), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile: (925) 934-6060

[PROPOSED] ORDER GRANTING STIPULATION REGARDING CONFIDENTIALITY FOR PRESENTING PRIVATE FINANCIAL DOCUMENTS IN SUPPORT OF DEFENDANT'S SETTLEMENT OFFER

Deleted: such materials, and all

Deleted: material

Deleted:

Deleted: material

Deleted: materials containing Confidential Documents

Deleted: material

Deleted: materials containing Confidential Documents

Deleted: material

Deleted: materials containing Confidential Documents

Deleted: material containing Confidential Documents

Deleted: is

Deleted: materials containing

10.     This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

11.     This Order does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains private financial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

12.     By stipulating to this Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law or regulation.

13.     The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

14.     If a party inadvertently produced Confidential Documents without the required "Confidential" legend, the producing party shall, within ten (10) business days of the inadvertent production, inform the receiving party in writing of the inadvertent production and the specific material at issue.  Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) a party, pursuant to sections 16(a) and 16(b) below, obtains an order from the Court addressing the appropriate treatment of the subject material.  A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile: (925) 934-6060

{00558842.DOC;1}                                     5

[PROPOSED] ORDER GRANTING STIPULATION REGARDING CONFIDENTIALITY FOR PRESENTING
PRIVATE FINANCIAL DOCUMENTS IN SUPPORT OF DEFENDANT'S SETTLEMENT OFFER

inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

15.    If a party contends that any document had been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Documents.

16.    A party may challenge the designation of a document or other material as Confidential only as follows:

a.    If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge.  During the ten (10) business-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

b.    If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 30 days from the receipt of the written challenge notice to apply to the Court for an order designating the material as Confidential.  The designating party bears the burden of establishing that the material is entitled to protection as Confidential Documents.  Any material that is designated as Confidential Documents that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

///

///

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile:  (925) 934-6060

{00558842.DOC;1}                                        6

[PROPOSED] ORDER GRANTING STIPULATION REGARDING CONFIDENTIALITY FOR PRESENTING
PRIVATE FINANCIAL DOCUMENTS IN SUPPORT OF DEFENDANT'S SETTLEMENT OFFER

1

IT IS SO ORDERED.

2

_____July 16, 2009_____          **ANDREW J. WISTRICH**

3

DATED:_____          _____

4

HON. ANDREW J. WISTRICH

MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile:  (925) 934-6060

{00558842.DOC;1}                              7

[PROPOSED] ORDER GRANTING STIPULATION REGARDING CONFIDENTIALITY FOR PRESENTING
PRIVATE FINANCIAL DOCUMENTS IN SUPPORT OF DEFENDANT'S SETTLEMENT OFFER