**KRALIK & JACOBS LLP**
LOIS M. JACOBS (SBN 106537)
lois.jacobs@kralikjacobs.com
ANASTASIA E. BESSEY (SBN 232289)
anastasia.bessey@kralikjacobs.com
35 North Lake Avenue, Suite 620
Pasadena, CA 91101
Telephone:  (626) 844-3505
Facsimile:   (626) 844-7643

Attorneys for Plaintiff
Federal Deposit Insurance Corporation,
As Receiver for IndyMac Bank, F.S.B.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for IndyMac Bank, F.S.B.,<br><br>             Plaintiff,<br><br>    vs.<br><br>ALLIANCE TITLE CO., INC., a California Corporation, REED BENNETT ROBERTSON, an individual doing business as "NATURAL CAPITAL"; JAMES FLORES HAW, an individual; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.: CV09-2342-DSF-AJWx<br><br>PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION<br><br><br>Action filed:  April 3, 2009<br><br><br>[No Hearing Required] |

-1-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

The Court, having reviewed the Stipulation Regarding [Proposed] Protective Order for Confidential Documents and Information (the "Stipulation") by and among Plaintiff Federal Deposit Insurance Corporation as Receiver of IndyMac Bank, F.S.B. ("FDIC"), on the one hand, and Defendants Alliance Title Co., Inc. ("Alliance") and Reed Bennett Robertson dba "Natural Capital" ("Robertson") (collectively, "Defendants"), on the other hand, and good cause appearing therefor,

IT IS HEREBY ORDERED that the following provisions shall control the disclosure, dissemination and use of documents, things and information furnished in this Action:

1. **Definitions.**
   a. The term "Action" shall mean the above-entitled legal action, including any appellate proceedings and proceedings in connection with any remand.
   b. The term "Party," whether used in the singular or plural, means (i) Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank, F.S.B., its predecessors and successors in interest, officers, directors, agents, servants and employees, accountants, attorneys and investigators, and anyone else acting on its behalf or under its control; (ii) Defendant Alliance, its predecessors and successors in interest, officers, directors, agents, servants and employees, accountants, attorneys and investigators, and anyone else acting on its behalf or under its control; and (iii) Defendant Robertson, his predecessors and successors in interest, officers, directors, agents, servants and employees, accountants, attorneys and investigators, and anyone else acting on his behalf or under his control; and (iv) any other Person, as that term is defined herein, who may hereafter

|   |   |
|---|---|
| 1 | appear or be substituted or joined or who otherwise becomes a |
| 2 | named litigant in this Action. |
| 3 | c. The term "Document" shall mean a writing, as defined by Federal |
| 4 | Rules of Evidence §1001, and includes the original or a copy of the |
| 5 | handwritten, typewritten, draft, printed, Photostat, photograph, and |
| 6 | every other means of recording upon any tangible thing any form |
| 7 | of communication or representation, including without limitation, |
| 8 | appraisals, letters, electronic mail messages ("email"), other |
| 9 | electronic files and representations including source code, words, |
| 10 | pictures, sounds, or symbols, or combinations thereof, publications |
| 11 | contracts, agreements, insurance policies, minutes, offers, analysis, |
| 12 | studies, books, papers, records, reports, calendars, diaries, |
| 13 | statements, complaints, filings with a court or tribunal or |
| 14 | governmental agency, corporate minutes, ledgers, transcripts, |
| 15 | summaries, agendas, work orders, repair orders, bills, invoices, |
| 16 | receipts, estimates, evaluations, personnel files, diplomas, |
| 17 | certificates, instruction manuals, bulletins, advertisements, |
| 18 | periodicals, accounting records, checks, check stubs, check |
| 19 | registers, cancelled checks, money orders, negotiable instruments, |
| 20 | sound recordings, films, mechanical or electronic recordings, |
| 21 | tapes, transcriptions, blueprints, computer programs, data and data |
| 22 | processing cards and whether produced pursuant to document |
| 23 | request, subpoena, by agreement, or otherwise. |
| 24 | d. The term "Person" shall mean a natural person, firm, association, |
| 25 | organization, corporation, partnership, unincorporated association, |
| 26 | trust, governmental agency or body and all other entities of any |
| 27 | kind. |
| 28 |   |

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

     e.  The terms "Confidential Document" and "Confidential Information," whether used in the singular or plural, mean any Document or information of a Party, or their parents, subsidiaries or affiliates, or any third party, which has been so designated in accordance with the Protective Order entered pursuant to this stipulation (the "Protective Order").

     f.  The term "Termination of this Action" means the final termination of this Action by any means, including, without limitation, settlement, final judgment or voluntary dismissal.  In the event an appeal is taken from any judgment or order entered in this Action, the "Termination of This Action" shall not occur until all appellate proceedings have been finally concluded, as well as any proceedings in connection with any remand.

     g.  The "Designating Party" is the Party who produces Documents or other information and/or marks or otherwise designates such Documents or other information as "Confidential" pursuant to the Stipulated Protective Order.

     h.  The "Receiving Party" is the Party who receives the Confidential Documents or Confidential Information.

2.  **Application of Order.**  The Protective Order shall be applicable to and shall govern the production and exchange of all Documents, answers to interrogatories, depositions, responses to requests for admissions, exhibits, and all other discoverable information under the Federal Rules of Civil Procedure, as well as testimony adduced at hearings, matters in evidence and all other information exchanged or furnished in this Action by the Parties and/or Persons subject to discovery, subpoena or other process or Court order in this Action.

3.  **Designation of Confidential Information.**  A Party may designate as "Confidential" any Document, response to discovery or testimony

-4-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

that the Party considers in good faith to contain information involving confidential, proprietary or private information subject to protection under California or Federal law, including without limitation the Gramm-Leach-Bliley Act. Such designation shall be made as follows:

    a. To designate a Document as a Confidential Document, the Designating Party shall stamp or inscribe the legend "CONFIDENTIAL" on the relevant page or as otherwise set forth below. Where a document consists of more than one page, the first page and each page on which confidential material appears shall be so designated.

    b. To designate one or more answers to interrogatories, or a similar written response, as containing Confidential Information, the Designating Party shall submit those answers to interrogatories in a separate document bearing on the cover page thereof the legend "CONFIDENTIAL MATERIAL SUBJECT TO COURT PROTECTIVE ORDER";

    c. To designate testimony as revealing the contents of Confidential Documents or containing Confidential Information, the Designating Party shall advise the reporter (a) at the deposition or (b) on or before 30 days after the transcript is received. With respect to testimony so designated at the deposition, the reporter shall separately transcribe the portions of the testimony so designated and shall mark the face of the transcript with the legend "CONFIDENTIAL MATERIAL SUBJECT TO COURT PROTECTIVE ORDER." A Party or Person wishing to designate any portion of a transcript confidential after its preparation shall notify the reporter and the Parties in writing within 30 days after receipt of the transcript of those portions of the transcript to be so

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

designated, and the reporter shall prepare and distribute a second transcript with the confidential portions of the testimony transcribed in a separate booklet bearing on its face the legend "CONFIDENTIAL MATERIAL SUBJECT TO COURT PROTECTIVE ORDER," with the cost of preparing the second transcript being borne by the Party or Person making such designation.  Any portions of a transcript so designated shall be treated as Confidential Information from the time of such designation, and upon receipt of such second transcript, the original and all copies of the first transcript shall be destroyed.

4. **Use of Confidential Information.**  All Confidential Documents or Confidential Information produced or exchanged in the course of this Action (other than information that is publicly available) shall be used by the Party or Parties to whom the information is produced solely for the purpose of this Action and shall not be disseminated or otherwise disclosed except as provided in, and subject to, the Protective Order.  With the exception of those Persons enumerated in Paragraph 5, below, no Confidential Document or Information may be disclosed to any Person without the prior, written consent of the Designating Party, nor shall the Parties, their counsel of record, their staff, technical consultants and/or experts sell, offer, advertise, publicize or provide under any condition, Confidential Documents or Information to the media, or any other Person who might exploit the Confidential Documents or Information for economic or personal gain, or use Confidential Documents or Information or disclose them to anyone, for any purpose, not directly related to the prosecution or defense of this Action.  No notes, lists, charts, transcriptions, memoranda, index or compilation prepared based wholly or in part upon examination of Confidential Documents or Confidential Information shall be

disseminated to anyone not authorized to have access to Confidential Documents or Confidential Information pursuant to the Protective Order.

5. **Persons Entitled to View Confidential Documents and Confidential Information.** Except upon prior order of the Court obtained upon notice to opposing counsel, Confidential Documents and Confidential Information shall not be disclosed to any Person other than the following Persons:

    a. Counsel for the respective Parties to this Action that are signatories to this Stipulation; however, if that counsel is not a signatory to this Stipulation, that counsel is obligated to execute a copy of the Certification attached to this Stipulation before being shown or given any Confidential Information;

    b. Employees of such counsel deemed necessary by counsel for the prosecution or defense of this Action;

    c. Parties to this Action to the extent deemed necessary by counsel for the prosecution or defense of this Action, but only where such Party is bound by the terms of the Protective Order;

    d. Representatives of the Parties' insurers to the extent deemed necessary by counsel for the prosecution or defense of this Action, and only where each representative with access to the Confidential Information is required to execute a copy of the Certification attached to the Protective Order before being shown or given any Confidential Information;

    e. Consultants or expert witnesses retained for the prosecution or defense of this Action, provided that each such Person shall execute a copy of the Certification attached to the Protective Order before being shown or given any Confidential Information.

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

      f.  Any authors of the Document or information designated "Confidential";

      g.  The Court, its personnel, and Court Reporters;

      h.  Witnesses: A witness shall sign the Certification before being shown a Confidential Document.  Confidential Information or Confidential Documents may be disclosed to a witness who will not sign the Certification only in a deposition at which the Designating Party is represented or has been given notice that the Confidential Document or Confidential Information produced by the Party may be used.  At the request of any Party, the portion of the deposition transcript involving such Confidential Information or Confidential Document(s) shall be designated "Confidential" in accordance with the terms of the Protective Order.  Witnesses shown Confidential Documents or Confidential Information shall not be allowed to retain copies;

      i.  Outside vendors who perform microfiching, photocopying, computer classification or similar clerical functions, but only for so long as necessary to perform those services; and

      j.  Court reporters and other persons engaged in preparing transcripts of testimony at hearings or depositions in this Action.

6.  **Counsel to Retain Certifications.**  Copies of all Certifications shall be retained by counsel for the Party disclosing the Confidential Documents or Information and shall be made available for inspection by opposing counsel during the pendency or after the Termination of the Action only upon good cause shown and upon order of the Court, provided, however, that in no event shall the disclosing Party be required to reveal information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other legally-recognized privilege of non-disclosure, including,

-8-

but not limited to, the disclosure of the identity of the disclosing Party's expert consultants who have not been identified as expert witnesses in this Action. Before obtaining a Certification from a Person listed in Paragraph 5, above, Counsel disclosing Confidential Documents and Information shall provide the Person to whom the Confidential Documents and Information are given a copy of the Protective Order and shall explain that Person's duty to follow the prohibitions and restrictions hereof.

7. **Obligation Not to Reveal Confidential Information.** Any Party or Person receiving Confidential Documents or Confidential Information shall not reveal or discuss such Confidential Documents or Confidential Information with any Person who is not entitled to receive such Confidential Documents or Confidential Information, except as set forth in the Protective Order, and shall maintain such Confidential Documents or Confidential Information in a secure manner to ensure no unauthorized entry.

8. **Legal Effect of Designation.** The designation by counsel for the Designating Party of any Confidential Document or Confidential Information is intended solely to facilitate the preparation and trial of this case, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any Party that the designated Document of Information constitutes or contains any confidential information. Failure to so designate any Document or information shall not constitute a waiver of any Party's claim in this or outside of this Action that such Documents or information contain or constitute confidential, proprietary or private information. Except as provided in the Protective Order, no Party shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of the designation.

9. **Material Previously Produced.** To the extent that Documents or other information has been produced prior to the execution and/or entry of the

1. Protective Order that the Party producing such Documents or information reasonably believes to contain confidential, private or sensitive information that it would have designated as a Confidential Document or Confidential Information pursuant to the Protective Order had it then been in effect, the following procedure shall apply.  Within thirty (30) days of the entry of the Protective Order, the Party who produced the Documents or information shall give notice in writing to each Party to whom the Documents or information was sent of their belief that such Documents contain or comprise Confidential Documents or Confidential Information and that the treatment of such Documents or information is to be governed by the Protective Order.  To the extent practicable, the Party giving notice shall identify in the notice each Document it intends to designate as a Confidential Document or as containing Confidential Information.  Within fourteen (14) days thereafter, the Party who produced the Documents or information shall forward a properly designated copy of the Documents and other information produced in accordance with the Protective Order.  Within ten (10) days of receipt of the properly designated copy of the Documents or information, the Receiving Party shall return the initial, undesignated Documents or information, to the Designating Party.

      10. **Use of Designated Information in Applications and Motions.** For applications and motions to the Court for which a party intends to submit Confidential Documents or Confidential Information, the submitting party must:

      a. Either (1) bring an Application and obtain an Order to Seal the Confidential Documents or Confidential Information pursuant to C.D. Cal. Local Rule 79-5 and any Standing Order applicable to this case, permitting the records to be filed under seal, or (2) provide at least twenty-one (21) days' prior written notice to the Party or Person that produced the Confidential Documents or

          Confidential Information, advising that Party or Person that the information will be placed in the public court file unless that Party or Person files a timely motion or application to seal the records under Local Rule 79-5.1; and

    b. Comply with all redaction and filing requirements imposed under Federal law, including without limitation Federal Rules of Civil Procedure 5.2 and C.D. Cal. Local Rule 79-5.4.

Pursuant to the Standing Order applicable to this case, Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file both a complete version of the pleadings and Documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal.

    11. **Use of a Party's Own Confidential Information.** Any Party may voluntarily disclose to others without restriction any Document or other information designated by that Party as "Confidential", although a Document or other information loses its confidential status if it is made public. Such disclosure shall not affect any designations made pursuant to the terms of the Protective Order, however, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the Document or information.

    12. **Challenging Other Party's Designation of Information as Confidential.** A Party shall not be obligated to challenge the propriety of any confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute and admission that such designation was proper. If a Party contends that any material was not entitled to confidential treatment, such party may, at any time, give written notice to the Party or other Person who designated the material as "Confidential" specifying

each Document or other information to which the designation is contested. The Parties shall try to dispose of the dispute in good faith on an informal basis by meeting and conferring within ten (10) days of the written notice. If the dispute cannot be resolved, the Party who challenges the designation shall have thirty (30) days from the date the meet and confer concludes to apply to the Court for an order removing the designation of the material as "Confidential." Once a "Confidential" designation is made and unless or until such a designation is removed by order of the Court or in writing by the Designating Party, each Confidential Document and all Confidential Information shall be treated as confidential pursuant to the terms of the Protective Order. The Party or other Person seeking the order shall have the burden of establishing that the Document or other information is not entitled to protection.

13. **Designated Information Remains Confidential Barring Certain Conditions and Efforts Required in Case of Unauthorized Disclosure.** Notwithstanding any challenge to the designation of Documents or other information as "Confidential," all Confidential Documents and Confidential Information shall be treated as such and shall be subject to the provisions of this Stipulation and the Protective Order unless and until one of the following occurs:

   a. The Designating Party withdraws the "Confidential" designation in writing; or
   b. The Court, upon the motion of a Party challenging the designation, rules that the material is not "Confidential" and that determination has become final by expiration of the time period for which appellate review or intervention must be sought.

If Confidential Documents or Confidential Information is disclosed to any Person other than those entitled to disclosure in the manner authorized by the Protective Order, the Party responsible for the disclosure shall immediately

-12-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

1  upon learning of such disclosure inform the Designating Party in writing of
2  such disclosure and shall make every effort to prevent further disclosure by
3  the unauthorized Person(s).  Notwithstanding the foregoing, counsel of record
4  are responsible for employing reasonable measures to control, consistent with
5  this Stipulation and the Protective Order, duplication of, access to, and
6  distribution of Confidential Documents and Confidential Information by
7  Persons that they represent, employ or have retained.

8        14. **Return of Confidential Documents and Information.**  At the
9  Termination of this Action, all original Confidential Documents and other
10 material containing Confidential Information shall be returned to counsel of
11 record for the Designating Party.  All notes, lists, memoranda, appendices or
12 other writings that describe or reveal Confidential Documents or Confidential
13 Information, and any copies of the original Confidential Documents or material
14 containing Confidential Information not returned to counsel of record for the
15 Designating Party shall be destroyed.  Upon request of the Designating Party,
16 the Receiving Party shall certify the return and/or destruction of such
17 Documents.  Notwithstanding the foregoing provisions, counsel may retain
18 copies of pleadings, attorney and consultant work product, deposition and trial
19 transcripts and exhibits, as well as one copy of each item designated as a
20 Confidential Document or Confidential Information for archival purposes.

21       15. **These Provisions of the Order Survive Termination of this**
22 **Action.**  All obligations and duties arising under this Stipulation and the
23 Protective Order shall survive the Termination of this Action and, in addition,
24 shall be binding upon the Parties to this action, their successors and assigns
25 (whether in whole or in part), affiliates, subsidiaries, their officers, agents,
26 representatives and employees.

27       16. **The Court to Retain Jurisdiction.**  This Court shall retain
28 jurisdiction indefinitely with respect to any dispute regarding the improper use

1  of Confidential Documents or Information, to modify the terms of the
2  Protective Order, or to enter further Orders respecting Confidential Documents
3  or Information, as may be necessary.
4       17.    **Use of Confidential Information at Trial.**  Neither the provisions
5  of the Protective Order, nor the filing of any material under seal, shall prevent
6  the use in open court, at any hearing, or at trial of this case of any material that
7  is subject to the Protective Order, or filed under seal pursuant to its provisions.
8  At trial, or at a hearing, the Designating Party must request that the portion of
9  the proceeding where use of Confidential Documents or Confidential
10 Information is made be conducted so as to exclude Persons not qualified to
11 receive such Confidential Documents or Confidential Information.  Upon
12 request of a Party, the Parties shall meet and confer concerning the use and
13 protection of Confidential Documents or Confidential Information in open
14 court at any hearing.  Prior to the Final Pretrial Conference, at the meeting of
15 counsel pursuant to C.D. Local Rule 16-2, the Parties shall meet and confer
16 concerning appropriate methods for dealing with Confidential Documents and
17 Confidential Information at trial.
18      18.    **Designation Pursuant to Stipulated Protective Order Not
19 Admissible.**  Unless the Parties stipulate otherwise, evidence of the existence or
20 nonexistence of a designation under this Stipulation or the Protective Order
21 shall not be admissible for any purpose during any proceeding on the merits of
22 this Action, including at the trial.
23      19.    **Client Communications.**  Nothing in this Stipulation or the
24 Protective Order shall prevent or otherwise restrict counsel from rendering
25 advice to their clients and, in the course of rendering such advice, relying
26 upon the examination of Confidential Documents and Confidential
27 Information.  In rendering such advice and otherwise communicating with the
28 client, however, counsel shall not disclose any Confidential Documents or

Confidential Information, except as otherwise permitted by the Protective Order.

20. **No Waiver of Privilege or Work Product.** Nothing in this Stipulation or the Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of any Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

21. **Cumulative Remedies.** The remedies provided by the Protective Order are intended to be cumulative and in addition to any Party's right to seek any further or different protection from the Court for any Document or information deemed to be confidential. The entry of the Protective Order shall also not be construed as a waiver of any objection which may be asserted during the course of this Action, or to require production of any Document or information deemed to be confidential.

22. **The Terms of this Protective Order Are Available to Others.** Any witness or other Person from which discovery is sought, by subpoena or otherwise, may be informed of and may obtain the protection of the Protective Order by written notice to the Parties' respective counsel or by oral notice at the time of any deposition or similar proceeding. Upon such notice, a non-party may designate Confidential Documents or Confidential Information in accordance with the Protective Order. Once designated, such non-party's Confidential Documents and Confidential Information shall be treated in accordance with the Protective Order. Unless otherwise agreed in writing, this Court shall have jurisdiction to entertain and decide any application brought to enforce or interpret the provisions of the Protective Order with respect to the information of any such non-party. A Designating Party who is served with a Subpoena to any non-party in connection with this Action shall endeavor to provide the non-party under Subpoena with a copy of the Protective Order.

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

23. **Amendments to This Order.** The Protective Order may be amended by further order of the Court either upon agreement and stipulation of the Parties or for good cause on advance notice to the Parties. This Stipulation is without prejudice to the right of any Party to apply to the Court at any time upon reasonable notice to the other Parties to request that the Court relax or rescind or make more stringent the provisions of the Protective Order.

24. **Response to Subpoenas.** In the event that any Person or Party having possession, custody or control of any Documents or other information deemed protected under the terms of the Protective Order receives a subpoena or other process or order to produce such Documents or information from a Person not a Party to this Action, such Person or Party shall (a) give notice by hand or overnight/express mail within three (3) business days of such subpoena or other process, and in any event, not less than seven (7) days prior to the return date of the subpoena or other process to counsel for the Designating Party, (b) furnish such counsel with a copy of said subpoena or other process or Court order and (c) refrain from producing any such protected material in response to such a subpoena or process until the earlier of (i) receipt of written notice from the Designating Party that such party does not object to the production of the protected material; (ii) resolution of any objection asserted by the Designating Party either by agreement or by final order of the Court with jurisdiction over the objection of the Designating Party; or (iii) the response date to the subpoena or other process, including any Court-ordered extension or stay of such response date. The Person or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent that the Designating Party is successful in obtaining a Court order staying, modifying or quashing the subpoena or other process or order. The burden of opposing the enforcement of the subpoena, process or order shall fall solely upon the Designating Party. Nothing herein shall be construed as requiring the

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

Receiving Party or any other person subject to this Order to challenge or appeal any order directing production of material covered by the Protective Order, or to subject himself, herself or itself to any penalties for non-compliance with a legal process or order.

    IT IS SO ORDERED.

Dated: April 20, 2010  _____

                                   The Honorable Andrew J. Wistrich
                                   United States Magistrate Judge

Presented by:

KRALIK & JACOBS LLP
Lois Moonitz Jacobs
Anastasia E. Bessey

By: \_\_/s/ Anastasia E. Bessey_____
      Anastasia E. Bessey
   Attorneys for Plaintiff Federal Deposit Insurance
   Corporation, as Receiver for IndyMac Bank, F.S.B.

**CERTIFICATION**

I hereby certify my understanding that Confidential Documents or Information is/are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ (the "Order") in the case of Federal Deposit Insurance Corporation as Receiver of IndyMac Bank, F.S.B., Plaintiff, vs. Alliance Title Co., Inc., et al., Defendants, U.S. District Court, Central District of California Case No. CV09-2342-DSF-AJWx. I understand that capitalized terms in this Certification are defined as set forth in the Order. I have been given a copy of the Order and have read it. I agree to be bound by the Order. I will maintain all such Confidential Documents or Information, including copies, notes, memoranda, transcripts, indexes or compilations made therefrom, in a secure manner to prevent unauthorized access to it. I understand that unauthorized disclosures of the Confidential Documents or Information constitute a contempt of court.

No later than thirty (30) days after the Termination of the Action, I will return the Confidential Documents or Information, including copies, notes, memoranda, transcripts, indexes or compilations made therefrom, to the attorney who provided me with the Confidential Documents or Information. To the extent all such documents, including the Confidential Documents or Information, copies thereof, and notes, memoranda, transcripts, indexes or compilations made therefrom are not returned, they shall be destroyed. I am prepared, upon request, to certify the return and/or destruction of all such Documents.

I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the Order, including this Certification.

Dated: _____    Signature: _____

                                Printed Name: _____

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

| | |
|---|---|
| 1 | **Proof of Service** |
| 2 | The undersigned declares: |
| 3 | I am above the age of eighteen years, and not a party to this action or |
| 4 | proceeding. I am employed in the office of a member of the bar of this court, at |
| 5 | whose direction this service is made. My business address is 35 North Lake |
| 6 | Avenue, Suite 620, Pasadena, California 91101. On April 2, 2010, I served the |
| 7 | foregoing **STIPULATION REGARDING [PROPOSED] PROTECTIVE** |
| 8 | **ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION** on |
| 9 | the Defendants in this action by placing a true and correct copy thereof in a |
| 10 | sealed envelope, with postage thereon fully prepaid, in the United States Mail at |
| 11 | Pasadena, California addressed as follows: |

Stephen A. Scott
Charles Tillage
HAYES SCOTT BONINO ELLINGSON & MCLAY
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
*Attorneys for Defendant Alliance Title Co., Inc.*

Jeffrey W. Allen
Jennifer R. Thomas
VAN DE POEL, LEVY & ALLEN, LLP
1600 South Main Plaza, Suite 325
Walnut Creek, CA. 94596
*Attorneys for Defendant Reed Bennett Robertson, doing business as "Natural Capital"*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of April 2010 in Pasadena, California.

/s/   Larina Ross
Larina Ross

-19-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION